# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
ERICK JAMES
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-30457-37

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____ *
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is 29 years old, unemployed, married and the father of four. He is charged by way of federal criminal complaint with conspiracy to distribute controlled substances, marijuana and cocaine. Without knowing that his cell phone had been intercepted, he willingly provided his cell phone number to DEA agents on 12/14/09 after ½ kg of cocaine was seized in Alpena, Michigan. Defendant admitted to the agents that the seized cocaine drugs were his. Defendant had been previously overheard transacting sales of pounds of marijuana with a co-defendant on the same cell phone which had been ordered intercepted by this court. (CONTINUE ON PAGE 2

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| November 8, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | Signature of Judge |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | Name and Title of Judge |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant was on parole when the cocaine he was selling was seized. His criminal history is significant in that he has been engaged in illegal activities including violence and drugs over the past ten years and has had contacts with law enforcement on a regular basis except for the years that he has spent in prison.

Specifically on 4/14/01 Defendant was charged with home invasion, 3rd degree, and pled guilty and was sentenced to 365 days in jail.

Less than two months after his release from jail, on 6/26/02 Defendant was charged with Felony controlled substance Delivery/Manufacture less than 50 grams, to which he pled guilty and was sentenced to 18 months to 20 years in prison.

On 5/24/04 he incurred a probation violation.

On 2/12/04, while on probation, Defendant was charged with Felony Assault with Intent to Murder, to which he pled no contest to Felony Assault/Bodily Harm less than Murder and was sentenced to 19 months to 20 years and fined.

After he was released from prison, on 8/21/07 Defendant was charged with Felony Interfering with Electronic Communications Causing Injury or Death AND Misdemeanor Domestic Violence to which he pled guilty and was sentenced to 1 - 15 years confinement. Defendant's parole date was 9/3/08.

On 3/5/07 Defendant was charged with misdemeanor Assault. No disposition is reported.

The activities that are charged in this complaint allegedly occurred while Defendant was on parole.

Defendant has used two known aliases: Iric James and Jeremy James.

Defendant admits to a history of daily use of marijuana since the age of 16. He tested positive for marijuana at the time of his bond interview.

This Defendant has a prior criminal history which includes three violent felony convictions and one felony drug conviction. He has a prior probation violation, and because he is currently on parole, a parole detainer has been lodged by his parole officer as a result of the instant matter. He has repeatedly engaged in continuing illegal activities while under supervision.

This Court view Defendant as a danger to the community based upon clear and convincing evidence, and finds that there is no condition or combination of conditions that would reasonably assure the safety of the community if he were to be released. Therefore Defendant is ordered Detained.